UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MARY STEELE-KLEIN,<br><br>    Plaintiff,<br><br>    v.<br><br>INTERNATIONAL BROTHERHOOD OF TEAMSTERS, LOCAL 117, *et al.*,<br><br>    Defendants. | Case No. C14-553RSM<br><br>ORDER ON PENDING MOTIONS |

## I.    INTRODUCTION

This matter comes before the Court on a number of pending motions, including: Defendant International Brotherhood of Teamsters, Local 117's ("Local Teamsters") Motion to Dismiss (Dkt. #9); Defendant International Brotherhood of Teamsters' ("International Teamsters") Motion to Dismiss (Dkt. #15); Plaintiff's Motion for Substitution of Signed Letter (Dkt. #18); Plaintiff's Motion to Appoint Counsel (Dkt. #19); Plaintiff's Motion for Joinder (Dkt. #20); Defendants' Motion for Protective Order to Stay Discovery (Dkt. #28); Plaintiff's Motion to Continue as Class Action (Dkt. #30); and Defendant Dow Constantine's Motion to Dismiss (Dkt. #31). The Court addresses each of these motions below.

## II.    BACKGROUND

*Pro Se* Plaintiff, Mary Steele-Klein, filed a Complaint on April 21, 2014. Dkt. #4. She brings claims against two Defendants – International Brotherhood of Teamsters, Local 117 and

ORDER
PAGE - 1

King County Executive Dow Constantine. Plaintiff alleges that in 2011 she was hired by King County as one of a group of predominantly low-income seniors to work in the King County Elections division. *Id.* at 5. In that position, she was a nonmember of the Local Teamsters bargaining unit, and, as a condition of her employment, was required to pay dues. *Id.* These dues were automatically withheld from her paycheck by her employer, King County Elections division. *Id.* at 2. Plaintiff worked intermittently for several election cycles (approximately 2-4 per year) until 2013. *Id.* at 5. She worked less than 1/6 of full time equivalent hours, received no benefits, did not accrue leave time, and received no retirement benefits. *Id.* She also was not guaranteed rehire from cycle to cycle. *Id.* Plaintiff was not entitled to notice or the right to vote on union matters. In addition, according to Plaintiff, Washington's Public Employment Relations Commission ("PERC") has ruled that she has no standing under Washington law to object to alleged union or employer abuses of dues. *Id.*

Plaintiff alleges that on July 19, 2013, King County informed her that she would be assessed an additional $0.50 per hour in dues to support a new union pension trust fund. At the same time, Plaintiff was informed that she was excluded from ever benefitting from the fund. *Id.* at 6. Plaintiff verbally objected to the payments, and signed a "Notice" of the increase "under protest." *Id.* Plaintiff followed with written objections to the union and her employer on July 23, 2014. *Id.* She received no response to her objections. Instead, Plaintiff alleges, she was subjected to undue public criticism and King County refused to hire her for the next two election cycles. *Id.* Plaintiff also asserts that nonmember workers were discouraged from talking about the issue at lunch breaks, and were told that "the walls have ears" and anything they discussed would get back to the union. Dkt. #4 at 6. Plaintiff also complains that she had been previously unaware of the "ideological" uses of the dues by the union, which she did not

ORDER
PAGE - 2

support, because of the union's misrepresentations that dues were for collective bargaining purposes. *Id.* at 7.

She now alleges that her First and Fourteenth Amendment rights were infringed when the union and her employer failed to respond to her written objections to the payment of dues and to the use of the dues for "uses not germane to collective bargaining purposes." *Id.* Plaintiff alleges that despite her written objections, Defendants failed to provide her with information, process or procedure as to the apportionment of disputed dues to exclude nongermane uses, that they have not provided an escrow account for the disputed portion of her dues, and that they have failed to make any rebates. *Id.* at 2. Plaintiff apparently filed a complaint with PERC, and alleges that she suffered retaliation for such filing, as evidenced by King County's failure to rehire her for the 2014 January and April election periods despite her excellent work history. *Id.* Plaintiff asserts that such action or inaction violates the United States Supreme Court's rulings in *Chicago Teacher's Union No. 1, AFT, AFL-CIO v. Hudson*, 475 U.S. 292, 106 S. Ct. 1066 (1986) and *Davenport v. Washington Education Assoc'n*, 551 U.S. 177, 127 S. Ct. 2372 (2007), which she asserts requires the union to take specific affirmative action after receipt of written objections. *Id.* at 2-3. In addition to her constitutional claims, Plaintiff alleges a host of other federal state law claims against all defendants including: impermissible imposition of a tax burden, fraudulent misrepresentation, theft, and embezzlement. *Id.* at 9.

### III.   DISCUSSION

**A. Plaintiff's Motion to Substitute Signed Letter**

As an initial matter, the Court examines Plaintiff's pending Motion to Substitute, which requests that a signed version of Exhibit A to the Complaint replace the unsigned version

ORDER
PAGE - 3

initially filed with the Court. Dkt. #18. Defendants have not objected. Accordingly, the Court GRANTS Plaintiff's Motion to Substitute.

**B. Defendants' Motions to Dismiss**

All Defendants have moved to dismiss this case against them under Federal Rule of Civil Procedure 12(b)(6). Dkts. #9, #15 and #31. The Court next addresses these motions, as the Court's decisions on these motions will inform its decisions on the remaining motions.

*1. Applicable Standard*

On a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), all allegations of material fact must be accepted as true and construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996). However, the court is not required to accept as true a "legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). The Complaint "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* at 678. This requirement is met when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Absent facial plausibility, Plaintiffs' claims must be dismissed. *Twombly*, 550 U.S. at 570.

*2. Local Teamsters' Motion to Dismiss*

Defendant Local Teamsters has moved to dismiss this action on the basis that Plaintiff has improperly conflated pension contributions with dues and therefore has failed to state a claim for relief. Dkt. #9. Plaintiff responds that she has pleaded sufficient facts to state a plausible claim for relief, and therefore Defendant's motion should be denied. Dkt. #12. For the following reasons the Court disagrees with Plaintiff and GRANTS Defendant's motion.

ORDER
PAGE - 4

        a.   <u>Pension Contributions Versus Union Dues</u>

Plaintiff's First and Second Causes of Action are primarily premised on Plaintiff's objections to mandatory contributions to a union pension fund. Dkt. #4 at 8-9. While Plaintiff pleads here claims by characterizing the contributions as "dues," a review of the Complaint and the Exhibits attached thereto demonstrate that Plaintiff has objected to assessments that are not considered to be dues. Indeed, Plaintiff attached her letter of objection at Exhibit A to the Complaint. That letter specifically raises objections to the newly-required pension trust contributions, but does not discuss "nongermane" union dues. *See* Dkt. #18, *Appendix*. Likewise, Plaintiff's "facts" set forth in her Complaint focus on these mandatory pension contributions. Dkt. #4 at 5-7 and Exs. A and G. In fact, she admits that she had been paying union dues for several years. However, the gravamen of her complaint centers on her objections to the pension contributions and the alleged failures of and retaliation by Defendants thereafter. *Id.*

The contributions disputed by Plaintiff are made by King County to the Western Conference of Teamsters Pension Trust ("WCTPT") for member pension benefits. The WCTPT is a multi-employer, Taft-Hartley pension fund that is not an arm or branch of the Local Teamsters. *See* Dkt. #9 at 3. The federal courts have long-differentiated pension trust funds from union dues, finding that union dues are not pension assets. *See*, *e.g.*, *Lauer v. Working Office Technologies Co., LLC*, 2012 U.S. Dist LEXIS 7799 (N.D. Ill. Jan. 23, 2012); *LoPresti v. Terwilliger*, 126 F.3d 34, 41 (2d. Cir. 1997); *see also* 29 C.F.R. § 2510.3-102(a) (stating that plan assets "include amounts (other than union dues) that a participant has withheld from his wages by an employer. . ."). As a result, the Court agrees with Defendant that *Hudson*, *supra*, and its progeny are not applicable to this situation. *See* Dkts. #9 at 3-4 and

ORDER
PAGE - 5

#16 at 2-4. Accordingly, Plaintiffs Causes of Action one and two against the Local Teamsters are DISMISSED.

        b. Fraudulent Misrepresentation

The Court next turns to Plaintiff's claim for fraudulent misrepresentation. Because the claim depends on fraud, it is subject to the heightened pleading standard under Federal Rule of Civil Procedure 9(b). Rule 9(b) requires that, when fraud or mistake is alleged, "a party must state with particularity the circumstances constituting fraud or mistake." Fed.R.Civ.P. 9(b). An allegation of fraud is sufficient if it "identifies the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Neubronner v. Milken*, 6 F.3d 666, 672 (9th Cir. 1993) (internal citations and quotations omitted). Averments of fraud must be accompanied by the "who, what, when, where, and how" of the misconduct charged. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Here, the Complaint does not sufficiently identify the circumstances that constitute fraud, including such facts as the time, date, or other details of the alleged fraudulent activity. *Neubronner*, 6 F.3d at 672. Rather, Plaintiff alleges in conclusory manner that she was injured because she relied on a statement on the union's website that represented dues are not used for partisan political activities, when she believes in fact they are used for substantial political activity. Dkt. #4 at 7. She does not sufficiently explain why the statement is fraudulent, or how her reliance on such representation resulted in damages. Further, Plaintiff's allegations do not identify the circumstances constituting fraud as to each Defendant, do not specify how each Defendant could have intended to induce reliance by people, including Plaintiff, or otherwise permit Defendants to prepare an adequate answer from the allegations. Accordingly, this claim fails to comply with Rule 9(b) and is now DISMISSED.

ORDER
PAGE - 6

c. Theft

Plaintiff's claim for "theft" must also fail. The Court has construed Plaintiff's claims for "theft" as one for the tort of conversion. *See* Dkt. #4 at 9, ¶ 12. Through this claim, Plaintiff alleges that Defendants took a portion of her wages as dues without her consent. *Id.* Under Washington law, the tort of conversion is defined as "the act of willfully interfering with any chattel, without lawful justification, whereby any person entitled thereto is deprived of the possession of it." *Washington St. Bank v. Medalia Healthcare L.L.C.*, 96 Wn. App. 547, 554, 984 P.2d 1041 (1999), *review denied* 140 Wn.2d 1007, 999 P.2d 1261 (2000) (citing *Judkins v. Sadler-Mac Neil*, 61 Wn.2d 1, 3, 376 P.2d 837 (1962)). However, the factual allegations set forth by Plaintiff do not support such a claim. Indeed, as discussed above, Plaintiff alleges that she objected to contributions to the pension fund, but nowhere does she allege that she failed to consent to the payment of union dues. As a result, this claim must also fail.

d. Embezzlement

Finally, the Court addresses Plaintiff's claim for embezzlement. Dkt. #4 at 9, ¶ 13. There is no civil action for embezzlement under Washington common law. Accordingly, this claim is DISMISSED.

*3. Defendant International Teamsters' Motion to Dismiss*

Defendant International Teamsters has moved to dismiss out of an abundance of caution because it was served with a copy of the Summons and Complaint. Dkt. #15. While Plaintiff argues that International Teamsters has not demonstrated that it does not control the Local Teamsters, Plaintiff has not actually alleged such control. *See* Dkt. #4. Moreover, a review of the Complaint reveals that Plaintiff makes no allegations at all against the International Teamsters. *See* Dkt. #4. Accordingly, Plaintiff has failed to set forth facts sufficient to support

any plausible claim against the International Teamsters, and any claims against it must be DISMISSED.

*4. Defendant Constantine's Motion to Dismiss*

The Court now turns to Defendant Constantine's Motion to Dismiss. Dkt. #31. Defendant Constantine in part reiterates the arguments made by the Local Teamsters, as addressed above, and in part argues that Plaintiff has failed to allege any claims of retaliation by Mr. Constantine himself. *Id.* Plaintiff essentially reiterates her arguments in opposition to the Local Teamsters' motion. Dkt. #37.

For the reasons already set forth above, the Court rejects Plaintiff's arguments regarding the withholding of pension contributions. To the extent her claims against Defendant Constantine are based on those arguments, the claims are DISMISSED. Likewise, Plaintiff wholly fails to set forth any facts supporting a claim for First Amendment retaliation, fraudulent misrepresentation or theft with respect to Defendant Constantine. Accordingly, those claims must also be DISMISSED against him. Finally, as the Court has already noted, there is not common law claim for embezzlement, and therefore that claim must also be DISMISSED.

**C. Defendants' Motion for Protective Order**

All Defendants have filed a motion for protective order to stay discovery. Dkt. #28. Because Plaintiff's Complaint has been dismissed in its entirety, the motion is DENIED AS MOOT.

**D. Plaintiff's Motion to Appoint Counsel**

Plaintiff has moved for the appointment of counsel in this matter. Dkt. #19. In civil cases, the appointment of counsel to a *pro se* litigant "is a privilege and not a right." *United*

ORDER
PAGE - 8

*States ex. Rel. Gardner v. Madden,* 352 F.2d 792, 793 (9th Cir. 1965) (citation omitted). "Appointment of counsel should be allowed only in exceptional cases." *Id.* (citing *Weller v. Dickson,* 314 F.2d 598 (9th Cir. 1963)). A court must consider together "both the likelihood of success on the merits and the ability of the petitioner to articulate his claims *pro se* in light of the complexity of the legal issues involved." *Weygandt v. Look,* 718 F.2d 952, 954 (9th Cir. 1983). Even where the claim is not frivolous, counsel is often unwarranted where the litigant's chances of success are extremely slim. *See Mars v. Hanberry,* 752 F.2d 254, 256 (6th Cir. 1985). Because Plaintiff's Complaint is being dismissed in its entirety, the Court cannot find that she is entitled to appointment of counsel. Accordingly, Plaintiff's Motion to Appoint Counsel is DENIED.

### E. Plaintiff's Motion for Joinder and Motion to Continue as Class Action

Plaintiff has also moved to join the pension trust fund as a Defendant to this action and to continue this matter as a class action. Dkts. #20 and #30. Because Plaintiff's Complaint has been dismissed in its entirety, these motions are DENIED AS MOOT.

### F. Leave to Amend

Ordinarily, leave to amend a complaint should be freely given following an order of dismissal, "unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987); *see also DeSoto v. Yellow Freight Sys., Inc.*, 957 F.2d 655, 658 (9th Cir. 1992) ("A district court does not err in denying leave to amend where the amendment would be futile." (citing *Reddy v. Litton Indus., Inc.*, 912 F.2d 291, 296 (9th Cir. 1990)). Here, the Court concludes that granting leave to amend would be futile. The Court can conceive of no possible cure for the deficiencies in

ORDER
PAGE - 9

Plaintiff's Complaint, particularly given the invalidity of Plaintiff's primary legal arguments as discussed above.

## IV. CONCLUSION

Having reviewed the parties' motions, the responses in opposition thereto and replies in support thereof, along with the supporting declarations and exhibits and the remainder of the record, the Court hereby finds and ORDERS:

1) Plaintiff's Motion to Substitute (Dkt. #18) is GRANTED. The unsigned version of Exhibit A to Plaintiff's Complaint is replaced with the signed version submitted by Plaintiff.

2) Defendant Local Teamsters' Motion to Dismiss (Dkt. #9) is GRANTED and the claims against it are DISMISSED in their entirety.

3) Defendant International Teamsters' Motion to Dismiss (Dkt. #15) is GRANTED and the claims against it are DISMISSED in their entirety.

4) Defendant Constantine's Motion to Dismiss (Dkt. #31) is GRANTED and the claims against him are DISMISSED in their entirety.

5) Defendants' Motion for Protective Order (Dkt. #28) is DENIED AS MOOT.

6) Plaintiff's Motion to Appoint Counsel (Dkt. #19) is DENIED.

7) Plaintiff's Motion for Joinder (Dkt. #20) is DENIED AS MOOT.

8) Plaintiff's Motion to Continue as Class Action (Dkt. #30) is DENIED AS MOOT.

9) This matter is now CLOSED.

DATED this 3 day of December, 2014.

RICARDO S. MARTINEZ
UNITED STATES DISTRICT JUDGE